1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## CENTRAL DISTRICT OF CALIFORNIA

10

11  AGUSTIN RAMIREZ, et al.

12      Plaintiff(s),

13          v.

14  MARTIN NAVARRO, et al.

15      Defendant(s).

16
17
18

Case No.  5:20–cv–02408–SSS–SP

**CIVIL STANDING ORDER**

19
20
21
22
23
24
25
26
27
28

1

2

**PLEASE READ THIS ORDER CAREFULLY. IT GOVERNS THE CASE AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**

3

4

5

6

Plaintiff's counsel shall serve this Order immediately on all parties and/or their attorney(s), including any new parties to the action. If this action came to the Court through noticed removal, Defendant's counsel shall immediately serve this Order on all other parties.

7

8

9

10

11

12

Both the Court and all counsel bear responsibility for the progress of litigation in this Court. **The term "Counsel," as used in this Order, includes parties appearing pro se.**[1] To secure the just, speedy, and inexpensive determination of every action, all counsel are ORDERED to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of the Central District of California. Fed. R. Civ. P. 1.

13

Unless the Court orders otherwise, the following rules shall apply.

14

**I.    General**

15

**A.    Service of the Complaint**

16

17

18

The Plaintiff shall promptly serve the complaint in accordance with Federal Rule of Civil Procedure 4 and shall comply with Local Rule 5-3 with respect to all proofs of service.

19

**B.    Removed Actions**

20

21

22

Any answers filed in state court must be e-filed in this Court, either as an exhibit to the Notice of Removal or as a separate filing. Any pending motions must be re-noticed in accordance with Local Rule 6-1.

23

**C.    Assignment to a Magistrate Judge**

24

Under 28 U.S.C. § 636, the parties may consent to have a Magistrate Judge

25

26

27

28

———————————————————

[1] This Court does not exempt parties appearing pro se—that is, parties who are not represented by an attorney—from compliance with the Federal Rules of Civil Procedure or the Local Rules. *See* L.R. 1-3 and 83-2.2.3.

preside over the entire case, including trial, rather than just discovery. One benefit to giving such consent is that the parties almost always will be able to proceed to trial sooner than on a District Judge's calendar. Additionally, the parties are free to select from among all Magistrate Judges available for this purpose and are not limited to the Magistrate Judge assigned to this case. The Magistrate Judges all have experience and expertise in a variety of areas, including patent and trademark litigation. If the parties agree to consent to proceed before a Magistrate Judge, the parties should consult the Central District's website for the list of available Magistrate Judges and should submit the appropriate consent form.[2]

**D.     Telephonic and Video Appearances.**

The Court does not conduct telephonic hearings. Video hearings will be conducted as follows:

- Civil Matters: By default, **all hearings shall proceed remotely by video appearance on Zoom,** unless a request is made by the parties to appear in person and this request is granted by the Court. Requests for an in-person appearance must be filed one (1) week before the hearing and must indicate that counsel has met and conferred with opposing counsel consistent with Local Rule 7-3.

- Criminal Matters: By default, **all hearings shall proceed proceed in-person,** unless a request is made by the parties to appear via video appearance and granted by the Court. Requests for a remote Zoom appearance must be filed one (1) week before the hearing and must indicate that counsel has met and conferred with opposing counsel consistent with Local Rule 7-3.

_____

[2] The list of available Magistrate Judges and the consent form can be found
https://www.cacd.uscourts.gov/judges-requirements/court-programs/
voluntaryconsent-magistrate-judges.

## II.   Filings

### A.   Electronic Filings and Proposed Orders

Counsel shall file all civil and criminal filings pursuant to Federal Rules of Civil Procedure 5(d)(3) and Local Rule 5-4. Each party filing a motion, opposing a motion, or seeking the determination of any matter shall serve and electronically lodge a proposed order setting forth the relief or action sought and a brief statement of the rationale for the decision with appropriate citations. Counsel shall file items as follows:

- Non-Signature Items: shall be **filed** in **PDF** format.

- Proposed Signature Items: shall be **filed** as an attachment to the main document in **PDF format**. All proposed signature items shall also be **emailed in Microsoft Word ("Word")** format to the chambers email at SSS_Chambers@cacd.uscourts.gov on the day the document is filed. **Only proposed order signature items should be emailed to the chambers' email address.** Do not email other associated documents and do not use this email address for communication with the Court or the Clerk.

A template for proposed orders is available on Judge Sykes' webpage at https://www.cacd.uscourts.gov/honorable–sunshine–s–sykes. The parties must use this template. Failure to submit a proposed order via email, in Word format may result in the Court striking the motion, application, or stipulation without consideration of the request on its merits.

**Note for Parties Who Do Not Have an Attorney:** Pro se litigants–that is, parties who are not represented by an attorney–may submit documents for filing through the Court's Electronic Document Submission System ("EDSS") instead of mailing or bringing documents to the Clerk's Office. Only internet access and an email address are required. Documents are submitted in PDF format through an online portal on the Court's website. To access EDSS and for additional

information, visit the Court's website at https://apps.cacd.uscourts.gov/edss.

### B. Mandatory Chambers Courtesy Copies

All original filings are to be filed electronically pursuant to Local Rule 5.4. The Court requires one (1) Mandatory Chambers Copy of **only** the following filed documents:

- Civil Matters: All motions and related documents (opposition, replies, exhibits); ex parte applications and related documents oppositions and exhibits; Joint Rule 26(f) reports; and trial documents.
- Criminal Matters: All motions and related documents and exhibits; plea agreement(s); sentencing memoranda; and objections to the pre-sentence reports.

Chambers Copies shall be delivered to the "Courtesy Box" located outside of Courtroom 2 on the 2nd floor at the United States District Court, 3470 12th Street, Riverside, California 92501, no later than 5:00 p.m. on the first day following the filing. All Mandatory Chambers Copies shall comply with the document formatting requirements of Local Rule 11-3, **except for the blue-backing requirement of Local Rule 11-4.1, which is hereby waived**. If the filing party and its counsel fail to deliver a Mandatory Chambers Copy in full compliance with this Order and Local Rule 11-3, the Court may, on its own motion, reschedule any related hearing and impose sanctions. **Pro se parties are exempt from this requirement.**

### III. Requests

#### A. Ex Parte Applications

Counsel are reminded that ex parte applications are solely for extraordinary relief. Applications that do not meet the requirements set forth in Local Rule 7-19 will not be considered. Sanctions may be imposed for misuse of ex parte applications. The Court considers ex parte applications on the papers and typically does not set the matters for hearing.

\\\

### B. Continuances

Counsel requesting a continuance must lodge, prior to the date to be continued, a proposed stipulation and order including a detailed declaration of the ground for the requested continuance or extension of time. The Court grants continuances only upon a showing of good cause, focusing on the diligence of the party seeking the continuance and any prejudice that may result if the continuance is denied. Counsel are required to first meet and confer with opposing counsel regarding the substance of the continuance and include a statement of compliance with Local Rule 7-3 (*see supra* V.II.A). Failure to meet and confer in good faith in compliance with the Local Rules and this Order may result in denial of the request for continuance.

### C. Communications with Chambers

Counsel must not attempt to contact the Court or chambers staff by email, telephone, or by any other ex parte means. Counsel may, for appropriate matters only, contact the CRD via the Chambers' email at SSS_Chambers@cacd.uscourts.gov. Counsel must not contact the CRD regarding the status of any matter before the Court. Calls or emails regarding the status of submitted motions, stipulations, or proposed orders will not be returned. Counsel may determine the status of any submitted motion, stipulation, or proposed order by accessing the docket sheet through PACER, which can be accessed via the Central District of California's website. Counsel must include on all papers their email address, telephone number, and fax number to facilitate communication with the CRD.

## IV. Courtroom Procedures

### A. Invitation to Self-Identify Pronouns and Honorifics

Litigants and counsel may indicate their pronouns and honorifics by filing a letter, adding the information in the name block or signature line of the pleadings, or verbally informing the Court when making an appearance.

\\\

## B.   Courtroom Decorum

The Court expects everyone in the courtroom to treat each other with dignity and respect. Therefore, at a minimum, the Court expects the following[3]:

- Being punctual and prepared for all court appearances.
- Speaking and writing civilly and respectfully in all communications involving the Court. This includes:
  - Referring to and addressing witnesses, counsel, parties, and court personnel by their surnames, pronouns, and honorifics, unless leave to do otherwise is granted.
  - Refraining from interrupting any other person in the courtroom when someone else is speaking. The same courtesy will be returned for every person.
  - Refraining from making gestures, facial expressions, or audible comments as manifestations of approval or disapproval of testimony or argument.
- Being considerate of the time constraints and pressures on the Court and court staff inherent in their efforts to administer justice.
- Acting and speaking civilly to court marshals, court clerks, court reporters, secretaries, and law clerks with an awareness that they, too, are an integral part of the judicial system.

## C.   Guidance for Pro Se Litigants

Parties who represent themselves in civil litigation (*i.e.,* appear pro se), should be aware that the Court holds these parties to the same standards of conduct to which it holds attorneys.

_____

[3] For more detailed guidance, counsel are advised to refer to the Central District of California's Civility and Professionalism Guidelines, which can be found at http://www.cacd.uscourts.gov/attorneys/admissions/civility-and-professionalismguidelines.

The following links may be helpful to those representing themselves in civil matters:

- General information on how parties may represent themselves in civil cases in the Central District of California can be found at https://prose.cacd.uscourts.gov.

- Local Civil Rules for the Central District of California can be found at http://www.cacd.uscourts.gov/court–procedures/local–rules.

- Federal Rules of Civil Procedure can be found at https://www.law.cornell.edu/rules/frcp.

### D.   Presence of Lead Counsel

Lead trial counsel shall attend any proceeding before this Court, including all Scheduling, Pretrial, and Settlement Conferences. Failure of lead counsel to appear for those proceedings is a basis for sanctions.

The Court has a strong commitment to fostering the development of new and diverse lawyers in the legal community. Consequently, the Court strongly encourages litigants to provide opportunities for less experienced lawyers or lawyers whose identities and/or backgrounds further the diversity of the legal profession to conduct hearings before the Court, particularly where they contributed significantly to the underlying motion or prepared the witness. Of course, the ultimate decision of who speaks on behalf of the client is for the client and not the Court.

### E.   Interpreter Services

Counsel in civil actions are responsible for arranging for the services of an interpreter. The Interpreter's Office may be reached at (213) 894-4599.

## V.   <u>Scheduling</u>

### A.   Scheduling Conference and Rule 26(f) Meeting of Counsel

The Court hears scheduling conferences on **Fridays, beginning at 1:00 p.m.** Pursuant to Federal Rules of Civil Procedure 16(b) and 26(f), the Court will issue

1   an Order Setting a Scheduling Conference.

2       Counsel shall meet no later than three (3) weeks prior to the Scheduling

3   Conference. This meeting may occur telephonically and need not occur in person.

4   A written exchange of correspondence will not satisfy this requirement.

5       Unless otherwise ordered, no later than two (2) weeks before the Scheduling

6   Conference, the parties shall file a Joint Rule 26(f) Report. A Joint Rule 26(f)

7   Report which is not timely filed or does not conform with this Order, Federal Rule

8   of Civil Procedure 26(f), and applicable Local Rules will interfere with preparation

9   by the Court and its staff and may result in the assessment of sanctions. The Joint

10  Rule 26(f) Report shall address the matters set forth in Federal Rule of Civil

11  Procedure 26(f), as well as those enumerated in the Court's Order Setting

12  Scheduling Conference.

13          **B.    Settlement Conference/ Alternative Dispute Resolution ("ADR")**

14      As stated in Local Rule 16-15, the parties in every action must participate in a

15  Settlement Conference or Alternative Dispute Resolution (ADR) procedure. The

16  Court will not hold a Final Pretrial Conference or convene a trial unless and until

17  all parties, including the principals of all corporate parties, have completed ADR.

18      This Court participates in the court-directed ADR Program whereby the Court

19  refers the parties to the Magistrate Judge, the court Mediation Panel, or private

20  mediation. *See* General Order 11-10, § 5.1. If a Notice to Parties of

21  Court-Directed ADR Program (ADR-08) has been filed in an action, counsel

22  must furnish and discuss it with their clients in preparation for the Rule 26(f)

23  conference. In their Joint Rule 26(f) Report, counsel should state their preferred

24  ADR procedure. The Court will refer the action to a procedure at the initial

25  scheduling conference. More information about the ADR Program, the Mediation

26  Panel, and mediator profiles is available on the Central District of California's

27  website at https://www.cacd.uscourts.gov/attorneys/adr.

28  \\\

## VI.   Discovery

### A.   Compliance with Federal Rule of Civil Procedure 26(a)

The parties should begin to propound discovery before the Scheduling Conference. The parties must comply fully with the letter and spirit of Federal Rule of Civil Procedure 26(a) and produce discovery promptly. At the Scheduling Conference, the Court will impose firm deadlines governing the completion of discovery.

### B.   Discovery Matters Referred to United States Magistrate Judge

All discovery matters are hereby referred to the assigned Magistrate Judge, who will hear all discovery disputes. The assigned Magistrate Judge's initials follow the Judge Sykes' initials next to the action number. All discovery-related documents must include the words "DISCOVERY MATTER" in the caption to ensure proper routing. Counsel are directed to contact the Magistrate Judge's CRD and must follow the Magistrate Judge's procedures to schedule matters for hearing. These procedures are stated on each Magistrate Judge's webpage. Unless the assigned Magistrate Judge explicitly waives the Mandatory Chambers Copy rule, Counsel shall deliver Mandatory Chambers Copies of discovery-related papers to the assigned Magistrate Judge. Parties are not to deliver courtesy copies of discovery documents to Judge Sykes' chambers.

In accordance with 28 U.S.C. § 636(b)(1)(A), the Magistrate Judge's decision shall be final, and this Court will not reverse any order of the Magistrate Judge unless it has been shown that the Magistrate Judge's order is clearly erroneous and contrary to law. Any party may file and serve a motion for review and reconsideration before this Court. *See* Local Rule 72-2. The moving party must file and serve the motion within two (2) weeks of service of a written ruling or an oral ruling that the Magistrate Judge states will not be followed by a written ruling. The motion must specify which portions of the ruling are clearly erroneous and contrary to law, and the claim must be supported by points and

1   authorities. Counsel shall provide the Magistrate Judge with chambers copies

2   of the moving papers and responses.

3   **VII.   Motions – General Requirements**

4       **A.   Meet and Confer Requirement**

5       Counsel should take note of Local Rule 7-3, which requires "counsel

6   contemplating filing of any motion" to "first contact opposing counsel to discuss

7   thoroughly, preferably in person, the substance of the contemplated motion and

8   any potential resolution." Counsel should discuss the issues sufficiently such

9   that if a motion is still necessary, the briefing may be directed to those substantive

10  issues requiring resolution by the Court. Counsel should resolve minor procedural

11  or other non-substantive matters during the conference. The notice of motion or

12  other request must include a statement of compliance with Local Rule 7-3. The

13  Court may strike or deny a motion or other relief if counsel fails to meet and

14  confer in good faith.

15      **B.   Under Seal Filings**

16      Local Rule 79-5 governs applications to file documents under seal. Local

17  Rule 79-5.2.2 explains how to apply to file under seal and how to proceed if

18  leave is granted. Parties must comply with all provisions of Local Rule 79-5.

19      There is a strong presumption of access to judicial records in civil actions.

20  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016)

21  (citing *Foltz v. State Farm Mut. Auto. Ins. Co*., 331 F.3d 1122, 1135 (9th Cir.

22  2003)).

23      For each document or other type of information a party seeks to file under

24  seal, the party must identify the factual and/or legal justification that establishes

25  "good cause" or "compelling reasons" for the information to be protected.

26  *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-80 (9th

27  *Cir. 2006).*

28      The "compelling reasons" standard applies when either the document itself

or the motion to which the document is attached is more than tangentially related to the merits of the case or when the documents. *Ctr. for Auto Safety*, 809 F.3d at 1096–97, 1099, 1101. When the document is attached to a motion that is unrelated or only tangentially related to the merits of the case, "a party need only satisfy the less exacting 'good cause' standard." *Id*. at 1097 (citing *Foltz*, 331 F.3d at 1135).

Documents that are not confidential or privileged in their entirety should not be filed under seal if the confidential portions can be redacted and filed separately with a reasonable amount of effort. The parties should file a complete version of the documents under seal and a redacted version for public viewing, omitting only the portions that the Court has authorized to be filed under seal.

Sealing must be justified for each individual item–blanket claims of confidentiality will result in the application to seal being denied. Counsel are strongly encouraged to consider carefully whether sealing or redaction is absolutely required for a given piece of evidence or argument. An application to seal that includes meritless requests to seal or redact documents will be denied. The parties also must meet and confer before filing an application to seal.

### C.   Filing and Hearing Motions

Motions shall be filed in accordance with Local Rule 7. This Court hears civil motions on **Fridays, beginning at 2:00 pm.** If Friday is a national holiday, motions will be heard on the next Friday. It is not necessary to clear a hearing date with Judge Sykes' CRD before filing a motion, **except for motions for summary judgment, preliminary injunction, and motions for class certification**. For these three motions, contact the CRD via the Court's chambers email address at SSS_Chambers@cacd.uscourts.gov to reserve a hearing date. For all motions, if the hearing date selected is not available, the Court will issue a minute order continuing the date. **Closed motion dates** can be found on

1   Judge Sykes' Procedures and Schedules webpage.

2       **D.   Length and Format of Motion Papers**

3       Pursuant to Local Rule 11-6, Memoranda of Points and Authorities in support

4   of or in opposition to motions shall not exceed twenty-five (25) pages absent leave

5   of Court. Replies shall not exceed ten (10) pages. Only in rare instances and for

6   good cause shown will the Court grant an application to extend these page

7   limitations. Pursuant to Local Rule 11-8, all Memoranda of Points and Authorities

8   exceeding ten (10) pages must be accompanied by a Table of Authorities and a

9   Table of Contents. All briefing must use Times New Roman font. Text must be

10  no less than fourteen (14) point font; footnotes shall be no less than twelve

11  (12) point font.

12      Counsel shall adhere to Local Rule 5-4.3 with respect to the conversion of

13  all documents to .pdf format so that when a document is electronically filed, it is

14  in proper size and is .pdf searchable. Further, all documents shall be filed in a

15  format so that text can be selected, copied, and pasted directly from the document.

16  *See* Local Rule 5-4.3.1.

17      **E.   Voluminous Materials**

18      If documentary evidence in support of or in opposition to a motion exceeds

19  50 pages, the evidence must be separately bound and tabbed and include an

20  index. If such evidence exceeds 200 pages, the documents shall be placed in a

21  three-ring binder, with an index and with each item of evidence separated by a

22  tab divider.

23      **F.   Citations to Case Law**

24      Citations to case law must identify the case cited and the specific page

25  referenced. For example, if a quotation is presented, the associated page citation

26  shall be provided. Similarly, if a case is cited in support of a proposition based

27  on language in the opinion, the page on which such language appears shall be

28  provided. When citing to legal databases, wherever possible cite to Westlaw

1   rather than Lexis. Bluebook style is required.

2   ### G.   Citations to Other Sources

3   Statutory references must identify with specificity the sections and

4   subsections referenced. Citations to treatises, manuals, and other materials

5   should include the volume, section, and pages being referenced. Citations to

6   prior filings in the same action shall include the docket entry number, section,

7   and pages referenced. Bluebook style is required.

8   ### H.   Matters Under Submission

9   If the Court deems a matter appropriate for decision without oral argument,

10   the Court will take the matter under submission and notify the parties before the

11   hearing.

12   ## VIII.   Motions – Specific Requirements

13   ### A.   Motions Pursuant to Federal Rule of Civil Procedure 12

14   Many motions to dismiss or strike can be avoided if the parties confer in

15   good faith as required by Local Rule 7-3, especially for perceived defects in a

16   complaint, answer, or counterclaim that can be corrected by amendment. *See*

17   *Polich v. Burlington Northern, Inc.*, 942 F.2d 1467, 1472 (9th Cir. 1991)

18   (noting that where a motion to dismiss is granted, a district court should grant

19   leave to amend unless it is clear the complaint cannot be saved by amendment).

20   Moreover, a party has the right to amend the complaint "once as a matter of

21   course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a).

22   Even after a complaint has been amended or a responsive pleading has been

23   served, the Federal Rules of Civil Procedure provide that leave to amend

24   should be "freely given when justice so requires." Fed. R. Civ. P. 15(a).

25   Indeed, the Ninth Circuit requires that this policy favoring amendment be

26   applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893

27   F.2d 1074, 1079 (9th Cir. 1990).

28   \\\

Consequently, parties should carefully consider and weigh an opponent's contentions as to the deficiencies in a pleading. The Court expects that, in most instances, the parties will agree to any amendment that would cure the defect.

### B.   Motions to Amend

In addition to the requirements of Local Rule 15-1, all motions to amend pleadings shall: (1) state the effect of the amendment; (2) be serially numbered to differentiate the amendment from previous amendments; and (3) identify the pages, line numbers, and wording of any proposed change or addition of material.

Counsel shall file a "Notice of Lodging" attaching the proposed amended pleading as a document separate from the motion, as well as a "redlined" version of the proposed amended pleading identifying all additions and deletions of material as an appendix to the moving papers. An additional copy of the redlined pleading shall be provided to Chambers by email at SSS_Chambers@cacd.uscourts.gov on the same day that the amended pleading is filed electronically. This paragraph applies equally to complaints, answers, cross-complaints, and supplemental pleadings. Absent a showing of good cause, failure to comply with this paragraph will result in the Court striking the amended pleading.

### C.   Motions in Limine

Motions in limine shall be scheduled for hearing two (2) weeks before the Final Pretrial Conference date.

### D.   Motions for Class Certification

If this action is a putative class action, the parties are to act diligently and begin pre-certification discovery immediately, so that the motion for class certification can be filed expeditiously.**All merits discovery is hereby stayed until further order of the Court.** This Court requires an extended briefing schedule for motions for class certification as set forth below:

\\\

- <u>Motions for Class Certification</u>: Must be filed at least seven (7) weeks before the hearing date.

- <u>Opposition</u>: Must be filed at least five (5) weeks before the hearing date.

- <u>Reply</u>: Must be filed at least four (4) weeks before the hearing date.

**The above briefing schedule is the default.** The parties may stipulate to a modified schedule that is reasonable for all parties. Any briefing schedule must provide the Court at least four (4) weeks between the reply deadline and the hearing date.

### E.   Summary Judgment Motions

No party may file more than one (1) motion pursuant to Federal Rule of Civil Procedure 56, regardless of whether such motion is denominated a motion for summary judgment or summary adjudication, without leave of the Court. The parties shall not attempt to evade the page limitations for briefs by filing multiple motions. If a party believes this is one of the rare instances in which good cause exists for more than one motion for summary judgment or to increase page limits, the party shall seek leave by noticed motion setting forth a detailed showing of good cause. Pursuant to Federal Rule of Civil Procedure 56(f), when appropriate, based on undisputed facts and controlling principles of law, the Court may *sua sponte* enter summary judgment in favor of the non-moving party.

The Court will not entertain cross-motions that seek to adjudicate the same legal issues. If parties wish to cross-move for summary judgment, their counsel shall meet and confer to determine which party will move and which will oppose the one motion for summary judgment.

Parties need not wait until the motion cutoff date to bring motions for summary judgment or partial summary judgment. The hearing on any such motion shall be set for a date in advance of the Final Pretrial Conference. This Court requires an extended briefing schedule for motions for summary judgment, as set forth below:

- <u>Motions for Summary Judgment</u>: Must be filed at least seven (7) weeks before the hearing date.

- <u>Opposition</u>: Must be filed at least five (5) weeks before the hearing date.

- <u>Reply</u>: Must be filed at least four (4) weeks before the hearing date.

**The above briefing schedule is the default.** The parties may stipulate to a modified schedule that is reasonable for all parties. Any briefing schedule must provide the Court at least four (4) weeks between the reply deadline and the hearing date.

The parties should prepare papers in a fashion that will assist the Court in processing and analyzing the volume of material (*e.g.*, tables of contents, headings, indices, bookmarks in electronic documents, pinpoint citations, etc.). The parties shall comply with Local Rules 56-1 and 56-2, in addition to the Court's additional requirements described below.

### 1.    Statement of Uncontroverted Facts and Genuine Disputes

The separate statement of uncontroverted facts required under Local Rule 56-1 shall be prepared in a two-column table, as shown below. The left column sets forth the allegedly undisputed fact. The right column sets forth the evidence that supports the factual statement. The factual statements should be set forth in sequentially numbered paragraphs. Each paragraph should contain a narrowly focused statement of fact. Each numbered paragraph should address a single subject as concisely as possible.

| Undisputed Fact | Evidence |
| --- | --- |
| 1.  Mike and Jane signed a contract for the sale and purchase of property. | Smith Decl. (Dkt. No. 61-2) ¶ 5, Ex. 6. |
| 2.  Jane mailed the contract in May 2017. | Smith Decl. ¶ 8, Ex. 21. |

The "Conclusions of Law" portion of the statement should be inserted after the statement of uncontroverted facts. For example: "Plaintiff's Claim for _____ Is Barred by the Applicable Statute of Limitations."

The opposing party's statement of genuine disputes of material fact must be in two columns and track the moving party's separate statement exactly as prepared. The left column must restate the allegedly undisputed fact and the right column must state either that it is undisputed or disputed. The opposing party may dispute all or only a portion of the statement, but if disputing only a portion, it must clearly indicate what portion is being disputed, followed by a brief citation to the opposing party's evidence controverting the fact. To demonstrate that a fact is disputed, the opposing party must briefly state why it disputes the moving party's asserted fact, cite to the relevant exhibit or other evidence, and describe the reason(s) the exhibit or evidence refutes the asserted fact. No legal argument should be set forth in this document. For example:

| Allegedly Undisputed Fact and Evidence | Disputed/Undisputed Fact and Evidence |
|---|---|
| 1.  Mike and Jane signed a contract for the sale and purchase of property. Smith Decl. (Dkt. No. 61-2) ¶ 5, Ex. 6. | Disputed. Jane testified that the contract was for a lease, not a purchase. Jane Depo (Smith Decl. Ex. 4) 29:4-16. |
| 2.  Jane mailed the contract in May 2017. Smith Decl. ¶ 8, Ex. 21. | Disputed as to date. Jane testified she mailed the contract in June 2017. Jane Depo. at 3:4-10. |

The opposing party may submit additional material facts that bear on or relate to the issues raised by the moving party, which shall follow the format described above for the moving party's separate statement. These additional facts shall continue in sequentially numbered paragraphs with the evidence that supports each statement set forth in the right column.

With its reply, the moving party shall file a response to the statement of genuine disputes of material fact and additional material facts. For each fact, the response shall restate the allegedly undisputed fact and state whether the fact is disputed or undisputed by the opposing party. If the fact is undisputed,

1  no further response is required.

2      If the fact is disputed, the response shall restate the opposing party's evidence

3  and reason for disputing the asserted fact. The moving party may provide a

4  response to the opposing party's reason for dispute, including any reason why

5  the evidence cited by the opposing party does not create a genuine dispute and/or

6  any additional evidence relevant to the asserted fact. This response may either be

7  presented in three columns, with the response appearing in the right column, or in

8  two columns, with a response provided below each fact.

9      The response may also include any response to additional material facts

10  asserted by the non-moving party, and this response shall follow the format

11  described above for the statement of genuine disputes of material fact. The

12  response to these additional facts shall continue in sequentially numbered

13  paragraphs and shall not restart the numbering.

14      All facts asserted by either party, whether disputed or undisputed, and all

15  supporting evidence cited, shall be included in the response. Do not repeat

16  descriptions of and citations to the evidence. If you have already described and

17  cited the evidence once, simply refer to the earlier citation succinctly (*e.g.*, "*See*

18  *supra*, Fact #1.").

19      **2.   Supporting Evidence**

20      No party shall submit evidence other than the specific items of evidence or

21  testimony necessary to support or controvert a proposed statement of undisputed

22  fact. For example, entire deposition transcripts, entire sets of interrogatory

23  responses, and documents that do not specifically support or controvert material

24  in the separate statement shall not be submitted in support of or in opposition to

25  a motion for summary judgment.

26      Evidence submitted in support of or in opposition to a motion for summary

27  judgment should be submitted either by way of stipulation or as exhibits to

28  declarations sufficient to authenticate the proffered evidence and should not be

attached to the memorandum of points and authorities. Documentary evidence for which there is no stipulation regarding foundation must be accompanied by the testimony, either by declaration or properly authenticated deposition transcript, of a witness who can establish authenticity.

### 3. Objections to Evidence

If a party disputes a fact based in whole or in part on an evidentiary objection, the ground for the objection should be stated succinctly in a separate statement of evidentiary objections in a two-column format. The left column should identify the items objected to (including page and line number if applicable) and the right column should set forth a concise objection (*e.g.*, hearsay, lack of foundation, etc.) with a citation to the Federal Rules of Evidence or, where applicable, a case citation. A proposed order shall be filed and attached to the evidentiary objections as a separate Word document consistent with Local Rule 52-4.1 and emailed directly to the Court's chambers email address at SSS_Chambers@cacd.uscourts.gov.

## IX.   Other Matters

### A.   ERISA Cases (Benefits Claims)

The Court will hear motions to determine the standard of review, whether discovery will be permitted, and the scope of the administrative record. Counsel are discouraged from filing motions for summary judgment or partial summary judgment on any other issue. If they choose to do so, they must distinguish *Kearney v. Standard Insurance Co.*, 175 F.3d 1084, 1093-95 (9th Cir. 1999) (en banc) in the moving papers and explain why summary judgment is not precluded. The parties may receive an Order Setting a Scheduling Conference as a matter of course. Because the ordinary pretrial and trial schedule does not apply to these ERISA cases, the parties need only submit a Joint Status Report identifying any special issues that should be considered. The parties should proceed with the preparation of the administrative

record and briefing without delay upon service of the complaint. A court trial, ordinarily limited to oral argument on the administrative record, will be scheduled within six (6) months from the filing of the original complaint, unless good cause for additional time is shown in the status report. If the Court concludes that the decision would not benefit from oral argument, the matter may be submitted for decision on the paper.

### B. Bankruptcy Appeals

Counsel must comply with the Notice Regarding Appeal from Bankruptcy Court issued at the time the appeal is filed in the District Court. The matter is deemed under submission on the filing of the appellant's reply brief. The Court considers bankruptcy appeals on the papers and usually does not set these matters for hearing.

### X. <u>Consequences for Non-Compliance</u>

If, without satisfactory explanation, counsel fail to file the required Joint Rule 26(f) Report or the required pretrial documents, fail to appear at any scheduled proceeding, or otherwise fail to comply with the Court's orders or rules, the Court shall take any action it deems appropriate, including:

- Where the failure occurs on the part of the plaintiff, dismissal of the case for failure to prosecute;
- Where the failure occurs on the part of the defendant, striking the answer resulting in default; and/or
- Imposing monetary sanctions against the offending party and counsel.

**IT SO ORDERED.**

Dated:  August 17, 2022

_____
SUNSHINE S. SYKES
UNITED STATES DISTRICT JUDGE