**ERIC BJORGUM (State Bar No. 198392)**
Eric.bjorgum@kb-ip.com
KARISH & BJORGUM PC
119 E. Union Street, Suite B
Pasadena, CA 91103
Telephone: (213) 785-8070
Facsimile: (213) 955-5010

Attorneys for Plaintiffs
Agustin Ramirez, Anthony Ramirez
and Agustin Ramirez, Jr.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| AGUSTIN RAMIREZ, ANTHONY RAMIREZ and AGUSTIN RAMIREZ, JR.<br><br>Plaintiffs,<br><br>vs.<br><br>MARTIN NAVARRO and DOES 1-10, inclusive, Defendants. | Case No. 20-cv-02408-SP<br><br>**PLAINTIFFS' REPLY TO DEFENDANT'S RESPONSE TO PLAINITFFS' STATEMENT OF UNDISPTUED FACTS**[1]<br><br>Date: December 6, 2022<br>Time: 11:00 a.m.<br>Judge: Sheri Pym<br>Courtroom: 3<br>Place: George E. Brown Jr. Federal Building<br>3470 12th Street<br>Riverside, California 92501<br><br>Trial Date: February 27, 2023<br>Pre-Trial Conference: February 14, 2023 |

---

[1] It does not appear that Defendant filed a responsive separate statement. Out of an abundance of caution, Plaintiffs file this reply based upon their former motion because the Opposition was essentially the same.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PLAINTIFFS' REPLY RE STATEMENT OF UNDISPUTED FACTS

## REPLY RE STATEMENT OF UNDISPUTED MATERIAL FACTS

| Moving Party's Undisputed Material Facts | Supporting Evidence: |
|---|---|
| 1. Plaintiff Agustin Ramirez, Sr. ("Agustin") has played with Los Caminantes since its inception in the mid-1970s.<br><br>1/27/14 Dec. of Agustin Ramirez, ¶¶ 2 – 5, attached as Exhibit 1 to the Request for Judicial Notice ("RJN"). | Undisputed. |
| 2. Agustin is the primary singer for Los Caminantes, and his vocals are featured on the 30 albums and over 300 tracks recorded by the band. He is the only original member left in the band. | Undisputed. |
| 3. Agustin has been consistent in using LOS CAMINATES in a distinct, cursive script style.<br>12/19/17 Declaration of Agustin Ramirez, Exh. C, attached as Exhibit 6 to the RJN hereto and originally filed as docket number 44-1 in Case No. 5:17-cv-02211-FMO-GJS, Agustin Ramirez et al. v. Vicente Martinez et al. | Disputed. This Declaration is from 2017. There is no evidence concerning Plaintiff's use of the mark from 2017 to the present.<br><br>**Plaintiffs' Response**: The 2017 Declaration of Ramirez was submitted because there was no need to re-state the background facts |

| Moving Party's Undisputed Material Facts | Supporting Evidence: |
|---|---|
| | regarding the LOS CAMINANTES mark in yet a third federal case. Regarding use after 2017, Defendant has no argued that Plaintiffs stopped using the marks, and the Declarations of Anthony Ramirez and Agustin Ramirez, Jr. establish that the band still plays. |
| 4. Defendant Martin Navarro's father Humberto was the drummer in Los Caminantes between approximately 1984 and his death in 2011.<br>Deposition of Martin Navarro at 16:11-25 and 51:15 – 42:7, Bjorgum Decl., Exh. H. | Undisputed. |
| 5. In 2006, trademark registration U.S. Reg. No. 3,129,214 issued for LOS CAMNANTES in International Class 9 for a series of prerecorded music and video. The owner was "Los Caminantes partnership composed of Humberto Navarro and Agustin Ramirez, both citizens of Mexico." The 3,129,214 Registration was later abandoned and canceled on March 23, 2013. | Undisputed. |

1
PLAINTIFFS' REPLY RE STATEMENT OF UNDISPUTED FACTS

| Moving Party's Undisputed Material Facts | Supporting Evidence: |
|---|---|
| 6. Anthony Ramirez began playing drums with the band in 2011. | Undisputed. |
| 7. Agustin Ramirez, Jr. began playing guitar regularly with Los Caminantes in 2010. | Undisputed. |
| 8. On October 30, 2012, Agustin Ramirez, Agustin Ramirez, Jr. and Anthony Ramirez applied for a trademark registration on LOS CAMINANTES for entertainment services. That application registered on October 1, 2013 as U.S. Reg. No. 4,410,019 and remains in good standing today. | Undisputed that the application was registered on October 1, 2013 as U.S. Reg. No. 4,410,019.<br><br>Disputed that the registration remains in good standing. There is nothing in Mr. Bjorgum's Declaration that states that the registration is currently in good standing nor did Plaintiff's introduce any exhibits showing that the registration was timely renewed between the 5th and 6th year of registration as required.<br><br>**Plaintiff's Response:** Defendant's statement ("disputed that the registration is in good standing") is unsupported; he simply argues that Plaintiff did not submit separate evidence that it was renewed. Thus, Defendant has no grounds to dispute |

| Moving Party's Undisputed Material Facts | Supporting Evidence: |
|---|---|
| | that the registration is in good standing because, as Defendant knows, it is.  A simple search of the USPTO website shows as much, and Defendant knows that the registration was renewed because his own application for LOS CAMINANTES H.N was rejected over the '019 Registration in November, 2018. Finally, as pointed out in Plaintiff's Reply papers, trademark rights flow from use, not registrations. *Sengoku Works Ltd. v. RMC Int'l Ltd.*, 96 F.3d 1217, 1219 (9th Cir. 1996) ("it is not enough to have invented the mark first or even to have registered it first; the party claiming ownership must have been the first to actually use the mark in the sale of goods or services.") |
| 9. On January 22, 2013, Los Caminantes Inc., filed a trademark application on LOS CAMINANTES INC. which was rejected over Plaintiff's registration no. 4,410,019, above. | Undisputed that Los Caminantes, Inc filed a trademark application on Los Caminantes, Inc.<br><br>Disputed that this was rejected over Plaintiff's registration. Nothing |

| Moving Party's Undisputed Material Facts | Supporting Evidence: |
|---|---|
| Bjorgum Decl., Exh. I. | in Exhibit 1 supports this conclusion. Further, there is no evidence in the record that Los Caminantes, Inc. was owned or controlled by Martin Navarro.<br><br>**Plaintiffs' Response:** Plaintiffs' counsel apologizes for referring to the 4,410,019 "registration;" the LOS CAMINANTES INC. mark was actually rejected over the application underlying the '019 registration, which application was still pending at that time. Regarding ownership of LOS CAMINANTES INC., Plaintiffs submitted evidence with their reply brief showing that LOS CAMINANTES INC. is an abandoned California corporation started by Martin Navarro. (See Bjorgum Reply Declaration.) |
| 10.   Humberto Navarro's will did not specifically address trademark rights. Martin Navarro depo. at pp. 46 – 49, attached as Exhibit I to the Bjorgum | Undisputed. |

| Moving Party's Undisputed Material Facts | Supporting Evidence: |
|---|---|
| Declaration | |
| 11.    Using their attorney Steve Eyre, Plaintiffs here filed suit against Martin Navarro for trademark infringement in 2011.  Navarro counterclaimed.  That suit was case no. 2:11-cv-08012-R-DTB. That suit was later dismissed without prejudice, per stipulation. Plaintiffs were told that suit was dismissed because the attorneys did not like the Judge. Declaration of Agustin Ramirez, Jr., ¶ 7. | Undisputed, except for the last sentence which is hearsay.<br><br>**Plaintiffs' Response**: Plaintiffs' former attorney is unavailable under FRE 804, and the statement is reliable because it is consistent with the fact that both claims and counterclaims were stipulated to be dismissed without prejudice shortly after Judge Real set trial within a few months. |
| 12.    Between 2011 and 2015, Martin Navarro used a singer named Vicente Martinez.<br>Martin Navarro depo. at 57:24 – 58:13, attached as Exhibit I to the Bjorgum Declaration | Undisputed. |
| 13.    Another ex-member of LOS CAMINANTES, Mario Sotelo (keyoardist), began using the name LOS CAMINANTE¶S in or around 2013; in November, 2013, Plaintiffs here filed a lawsuit against Mario Sotelo entitled | Undisputed. |

| Moving Party's Undisputed Material Facts | Supporting Evidence: |
|---|---|
| *Agustin Ramirez, Anthony Ramirez, Agustin Ramirez, Jr. v. Mario Sotelo, Ricardo Tarazon, Jorge Guzman and Juan Antonio Sotelo*, Case No. 5:13-cv-02155-SJO-MRW.  Hon. S. James Otero of this District entered a preliminary injunction against Sotelo on March 12, 2014. RJN, Exh. 4. | |
| 14.    A permanent injunction was issued on March 20, 2016. Bjorgum Decl., Exh. B. | Undisputed. |
| 15.    Judge Otero's grant of preliminary injunction was affirmed by the Ninth Circuit by the Ninth Circuit on December 5, 2014 in Appeal No. 14-55571. RJN, Exh. 5. | Undisputed. |
| 16.    On October 27, 2017, plaintiffs filed suit against Vicente Martinez, Angel Juarez, and Juan Manuel Navarro on claims for trademark infringement, commercial disparagement, counterfeiting, interference with prospective economic advantage and other claims. *Ramirez v. Martinez et al.*, | Undisputed. |

1
PLAINTIFFS' REPLY RE STATEMENT OF UNDISPUTED FACTS

| Moving Party's Undisputed Material Facts | Supporting Evidence: |
|---|---|
| Case No. 17-2211 FMO (GJSx). RJN, Exh. 8. | |
| 17.  On August 19, 2019, Hon. Fernando M. Olguin of this District issued a lengthy order granting Plaintiffs' Motion for Summary Judgment and Default Judgment, ordering damages of $77,654 against Juan Manuel Navarro and enjoining both Martinez and J.M. Navarro from further use of the LOS CAMINANTES mark. RJN, Exh. 8; *see also*, Bjorgum Decl., Exh. A. | Undisputed. |
| 18.  Martin Navarro, the Defendant here, was aware of both of those cases. Navarro depo. at 56:3-17; 60:9-13, attached as Exhibit I to the Bjorgum Declaration. . | Undisputed. |
| 19.  In 2016 and 2018, Martin Navarro attempted to register the trademarks LOS CAMINANTES H.N (U.S. App. Ser. No. 88/028,681) and LOS CAMINANTES HN (U.S. App. Ser. No. 87/156,115) Both were found to be confusing with | Disputed. No Foundation for the statements.  **Plaintiff's Response:** This issue has been dealt with extensively in |

| Moving Party's Undisputed Material Facts | Supporting Evidence: |
|---|---|
| Plaintiff's LOS CAMINANTES registration, and both of the "HN" applications have been abandoned. Bjorgum Dec. Exh. __ ('115 Application) and Exh. __ ('115 current status; Exh. __ (pages from '681 Office Action) and eho as Exhibit __ to the Bjorgum | response to the laches argument, which Defendant asserted both as a separate motion and in response to this Motion.  Defendant thus opened the door for two fulsome discussions of Defendant's unclean hands and the rejected applications, which were submitted with the Declarations in Plaintiffs' Opposition to Defendant's Motion for Summary Judgment, Dkt. No. 55, ¶¶ 2 – 9. |
| 20. In 2020, Plaintiffs' long time attorney Stephen Eyre passed away unexpectedly. Declaration of Agustin Ramirez, Jr. at ¶ 7. | Undisputed but irrelevant.  **Plaintiffs' Response:**  Mr. Eyre's death is highly relevant to the issue of Plaintiffs' alleged delay. |
| 21. Before filing this suit, lawsuit, Plaintiffs' present counsel sent cease and desist letters to various clubs around the country and received no responses to any of them. Bjorgum Decl., Exh. J. | Undisputed but irrelevant.  **Plaintiffs' Response**: Informing club owners of their infringement is relevant to intent and knowledge of Defendant, which is directly relevant to willful infringement and damages. 15 U.S. Code § 1117. |
| 22. Plaintiffs continue to actively exploit | Disputed. The Declaration says that |

1
PLAINTIFFS' REPLY RE STATEMENT OF UNDISPUTED FACTS

| Moving Party's Undisputed Material Facts | Supporting Evidence: |
|---|---|
| the LOS CAMINANTES trademark for live musical performances.<br>Declaration of Anthony Ramirez at ¶ 2. | they last performed in November 2021 and that they have plans to perform in May 2022 but does not list any current shows scheduled.<br><br>**Plaintiff's Response:** Apparently, Defendant disputes the definition of "actively" because Plaintiffs' may not play a show for 7 months. Trademark abandonment requires three years of non-use, and a presumption of abandonment is rebutted by a valid reason for non-sue or lack of intent to abandon. *Star-Kist Foods, Inc. v. P.J. Rhodes & Co.*, 769 F.2d 1393, 1396 (9th Cir. 1985) |
| 23. Plaintiffs' band and Defendants' band play to the same market.<br>Declaration of Anthony Ramirez, ¶ 5 | Disputed. Nothing in the Declaration provides evidence that fans are speaking about Martin Navarro's band Los Caminantes de Humberto Navarro. They could be speaking about Mario Sotelo or Vincente Martinez's bands. |

| Moving Party's Undisputed Material Facts | Supporting Evidence: |
|---|---|
| | **Plaintiff's Response:** This objection is based upon conjecture. The Declarations of Anthony Ramirez and Agustin Ramirez, Jr. show ongoing efforts to alleviate confusion. And even though Martin argued at his deposition that the two bands go after different market segments, his statement was that he targets "the same people" and others in addition. Navarro, Martin, (Pages 120:20 to 121:2) <br><br> "20    Q.   Do you think that your band and Agustin's band <br> 21    have the same market? <br> 22    A.   Market? <br> 23    Q.   Yeah, the same target audience. <br> 24    A.   No. <br> 25    Q.   What's the difference? <br>                          121 <br>  1    A.   I target the same people that he does.  On top <br>  2    of that, I'm already targeting |

| Moving Party's Undisputed Material Facts | Supporting Evidence: |
|---|---|
| | younger people. |
| 24. Fans have written asking about which band will be playing.<br><br>Declaration of Anthony Ramirez, ¶ 5 | Disputed. Nothing in the Declaration speaks about fans writing to Plaintiff (or anyone else.)<br><br>**Plaintiff's Response:** The writing from the fan in Georgia was mentioned in the Declaration of Agustin Ramirez, Jr. (not Anthony). (Dkt. No. 40, ¶ 11.) |
| 25. Plaintiffs' band has been forced to lower its prices by approximately $2,000 per performance, which Plaintiffs attribute to the number of infringing bands playing.<br><br>Declaration of Agustin Ramirez, Jr., ¶ ¶ 12 – 13. | Disputed. Agustin Ramirez, Jr. testified in his deposition that he was not at all involved in the finances of the band. Austin Ramirez, Jr. Depo P. 9:18-20 (attached as Exhibit 6 to Declaration of Larry Zerner filed in Defendant's Motion for Summary Judgment). Even assuming, arguendo, that Plaintiff is charging less, there is no evidence that this is caused by Defendant. As Defendant has been touring since 2011, and there apparently hasn't been a reduction in fees until recently, that would |

| Moving Party's Undisputed Material Facts | Supporting Evidence: |
|---|---|
| | indicate that the reduction is due to reasons other than Defendant (such as Agustin Ramirez's lengthy illness). **Plaintiffs' Response:** The statement says that Plaintiffs "attribute" their lower prices to the infringing bands playing (now 3). Citing the Restatement (Third) of Unfair Competition, McCarthy (at section 30:79) notes that a Plaintiff "does not have to negate every conceivable intervening factor which have caused a decline in sales." Rather, the Plaintiff makes the showing, and defendant is permitted to show losses were due to something else. |

Dated: May 22, 2022

Respectfully submitted,

By: /s/ Eric Bjorgum
A. Eric Bjorgum
KARISH & BJORGUM PC
Attorneys for Plaintiffs
Agustin Ramirez, Anthony Ramirez
and Agustin Ramirez, Jr.

1
PLAINTIFFS' REPLY RE STATEMENT OF UNDISPUTED FACTS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28